IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

GEORGE PATRICK EDENFIELD,

 Petitioner,

v.

TERRY DUFFEY, Warden,

 Respondent.

CIVIL ACTION NO.: CV609-013

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner George Edenfield ("Edenfield"), an inmate currently incarcerated at Dodge State Prison in Chester, Georgia, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction in the Superior Court of Toombs County. Respondent filed an Answer-Response and a Motion to Dismiss. Edenfield has filed a Response. For the reasons which follow, Respondent's Motion to Dismiss should be **GRANTED**.

## STATEMENT OF THE CASE

Edenfield was found guilty of six (6) counts of aggravated child molestation and two (2) counts of child molestation in the Toombs County Superior Court on June 6, 2003. Edenfield was sentenced on each count of aggravated child molestation to 25 year concurrent "split" sentences, to serve 15 years, with the balance on probation and to 15 years' imprisonment on each count of child molestation, to run concurrently. (Doc. No. 9-2, p. 1). Edenfield did not file a direct appeal. Edenfield filed a motion for new trial on October 31, 2003, which was dismissed, as untimely filed, on November 17,

AO 72A
(Rev. 8/82)

2003. Edenfield filed a petition for mandamus and a motion for direct appeal on December 5, 2003. The trial court denied those motions on December 9, 2003. Edenfield filed a motion to file an out-of-time appeal and another motion for new trial on December 18, 2003, which were denied on January 27, 2004. On February 5, 2004, the trial court denied Edenfield's motion for reconsideration. Edenfield's renewed motion to file an out-of-time appeal was denied on June 18, 2004. (Id. at 2).

Edenfield filed a notice of appeal from this denial, which the Georgia Court of Appeals dismissed on August 5, 2004. Docket Number A04D0426. Edenfield filed a motion for extension of time to file his brief and enumerations of errors, which the Georgia Court of Appeals granted. Edenfield was given until December 28, 2004, to file these pleadings. Edenfield did not do so, and the Georgia Court of Appeals dismissed his appeal as abandoned on January 14, 2005. Docket Number A05A0767; (Doc. No. 9-2, pp. 2-3).

Edenfield executed a state habeas corpus petition on August 3, 2006, and it was filed in the Mitchell County Superior Court on September 18, 2006. Edenfield's petition was denied on March 12, 2007. The Georgia Supreme Court denied Edenfield's application for certificate of probable cause to appeal on June 5, 2007.

On November 19, 2007, Edenfield filed a second state habeas corpus petition in the Mitchell County Superior Court. The petition was denied on September 10, 2008. The Georgia Supreme Court denied Edenfield's application for certificate of probable cause to appeal on February 9, 2009. (Resp't's Ex. 4).

In this petition, which was executed on February 25, 2009, and filed on March 3, 2009, Edenfield asserts that: 1) his right to a fair trial was violated when the aggravated

child molestation charges were not dismissed; 2) his counsel was aware he was on medication for a neurological/psychological disorder and did not request a competency hearing; 3) his counsel failed to call the accuser to testify; 4) the prosecution erred by not playing the videotaped interview with audio; 5) his counsel did not object to the prosecution's questioning of a witness which elicited evidence the trial judge previously ruled inadmissible; 6) the trial court erred "in allowing Dr. Geerdes to testify as to his opinion to the jury in the trial proceedings[ ]"; and 7) the trial judge erred in charging the jury on reasonable doubt. (Doc. No. 1, pp. 7-8).

Respondent asserts that Edenfield's petition should be dismissed because it was filed untimely.

## DISCUSSION AND CITATION TO AUTHORITY

A prisoner must file a petition for writ of habeas corpus in federal court within one (1) year. 28 U.S.C. § 2244(d)(1). This statute of limitations period shall run from the latest of four possible dates:

> The limitation period shall run from the latest of--
>
> (A) the date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration of time for seeking such review;
>
> (B) the date on which the impediment to filing an application by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

Edenfield's conviction became final at the time of his completion of the direct review process or when the time for seeking such review became final. 28 U.S.C. § 2244(d)(1)(A); Coates v. Byrd, 211 F.3d 1225, 1226 (11th Cir. 2000). Edenfield was sentenced in the Toombs County Superior Court on June 6, 2003. Edenfield did not file a notice of appeal at that time. O.C.G.A. § 5-6-38 ("A notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of."). However, Edenfield filed a notice of appeal from the Toombs County Superior Court's denial of his motion to file an out-of-time appeal, which the Georgia Court of Appeals dismissed on August 5, 2004. Edenfield filed a motion for extension of time to file his brief and enumerations of errors, which the Georgia Court of Appeals granted. Edenfield was given until December 28, 2004, to file these pleadings. Edenfield did not do so, and the Georgia Court of Appeals dismissed his appeal as abandoned on January 14, 2005. Edenfield then had ten (10) days within which to file a motion for reconsideration or a notice of his intent to file a petition for writ of certiorari to the Georgia Supreme Court; Edenfield filed neither of these pleadings. Thus, liberally construing these state court filings, Edenfield's conviction became final on or about January 24, 2005. Ga. Ct. App. R. 37(b) (stating that a motion for reconsideration must be filed with the Court of Appeals within 10 days of the decision to be reviewed); Ga. Sup. Ct. R. 38(1) (stating that a notice of intent to apply for a writ of certiorari must be filed within 10 days of the date of the decision to be reviewed); and Ga. Ct. App. R. 38(a)(1) (stating a notice of intent to petition for writ of certiorari in the Georgia Supreme

Court shall be filed within 10 days and that filing a motion for reconsideration is not a prerequisite). Because Edenfield's conviction became final on January 24, 2005, he had one year from that date to file a timely federal habeas petition. Jimenez v. Quarterman, ___ U.S. ___, 129 S. Ct. 681, 686-87 (Jan. 13, 2009) (holding[1] that "where a state court grants a criminal defendant the right to file an out-of-time direct appeal . . . before the defendant has first sought federal habeas relief, his judgment is not yet "final" for purposes of § 2244(d)(1)(A). In such a case, the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review must reflect the conclusion of the out-of-time direct appeal, or the expiration of the time for seeking review of that appeal."); Clarke v. Dep't of Corr. of Fla., 566 F.3d 1278, 1280-81 (11th Cir. 2009) (applying Jimenez and concluding that the statute of limitations is tolled between the date a petitioner is convicted and the conclusion of his petition for a belated direct appeal); 28 U.S.C. § 2244(d)(1).

The applicable statue of limitations is tolled during "[t]he time . . . which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). "[A]n application is pending as long as the ordinary state collateral review process is in continuance- i.e., until the completion of that process. In other words, until the application has achieved final resolution through the State's post-conviction procedures, by definition it remains pending." Carey v. Saffold, 536 U.S. 214, 219-20 (internal citations omitted). A petitioner should be mindful that "once a deadline has expired, there is nothing left to toll. A state court filing after the federal habeas deadline does not revive" the statute of

---

[1] Respondent misconstrues the Jimenez holding that Edenfield's "belated attempts to obtain a direct appeal and/or a new trial neither rendered the judgment of conviction 'non-final,' so as to re-start the limitations period[.]" (Doc. No. 9-2, p. 6).

limitations period applicable to section 2254 petitions. Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004); see also Alexander v. Sec'y, Dep't of Corr., 523 F.3d 1291, 1294 (11th Cir. 2008) (a state court motion for post-conviction relief cannot toll the federal limitations period if that period has already expired).

Edenfield's petition for writ of habeas corpus is untimely. Edenfield arguably filed a petition for habeas corpus in the Mitchell County Superior Court on August 3, 2006[2], despite his conviction becoming final on January 24, 2005. The federal statute of limitations period expired before Edenfield filed for collateral relief in the state court, and there was no time left to toll. Edenfield is not entitled to his requested relief.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss be **GRANTED**. It is also my **RECOMMENDATION** that Edenfield' petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be **DISMISSED**, with prejudice, as it was not timely filed.

**SO REPORTED** and **RECOMMENDED**, this 9th day of October, 2009.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

---

[2] A pro se petitioner's state habeas corpus petition is deemed "filed" at the time the inmate deposits the petition in the prison's mail system. Taylor v. Williams, 528 F.3d 847, 851 (11th Cir. 2008). Thus, giving Edenfield the presumption that he delivered the petition to prison officials on the day he signed it, August 3, 2006, rather that September 18, 2006, would to be the proper filing date of Edenfield's first state habeas petition.